NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BANK OF AMERICA, N.A., successor to Fleet National Bank, successor to Summit Bank and BANK OF AMERICA CORPORATION, successor to FleetBoston Financial Corporation, :<br><br>Plaintiffs, :<br><br>v. :<br><br>WEBSCI TECHNOLOGIES, INC., RAMKRISHNA S. TARE, et al., :<br><br>Defendants. : | Civil No.: 05-CV-1306 (JLL)<br><br>**OPINION** |

**LINARES,** District Judge.

This matter comes before the Court on the motion of Edward Andrescavage[1] appealing the decision of the Honorable Magistrate Judge Ronald J. Hedges denying his motion for reconsideration, the motion of Defendant Ramkrishna S. Tare ("Tare") appealing the September 21, 2005 Case Management Order of the Honorable Magistrate Judge Ronald J. Hedges, Tare's motion for reconsideration and/or clarification[2] of this Court's December 29, 2005 Order and January 2,

---

[1]Edward Andrescavage is not a named party to this action.

[2]Tare's motion is titled "Notice of Motion to Reconsider, And/Or to Amend, Correct, Alter And/Or Clarify the Order and Opinion of this Court and Motion to Amend." However, the accompanying brief makes no specific argument for clarification or correction. Thus, this Court will treat Tare's motion and brief as asking only for reconsideration and permission to amend.

1

2006 Opinion[3] pursuant to Local Civil Rule 7.1(g) and Tare's request to amend his application to withdraw the reference. This Court has considered the submissions in support of and in opposition to these motions. This matter is resolved without oral argument. Fed. R. Civ. P. 78. For the reasons set forth below, Defendant Tare's motion appealing the September 21, 2005 Order of Judge Hedges is GRANTED, the motion of Andrescavage appealing the November 28, 2005 Order of Judge Hedges is DISMISSED as moot,  Defendant Tare's motion for reconsideration is DENIED, Tare's motion for leave to amend is DENIED, and Plaintiffs' motion for criminal contempt is REFERRED back to the Bankruptcy Court.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

A detailed factual background in this case will not be repeated here, except where necessary to provide context for the resolution of the pending motions.

Magistrate Judge Hedges' September 21 Scheduling Order (the "September 21 Order") was issued in response to Plaintiffs' Bank of America, N.A. and Bank of America Corporation[4] (collectively, "Plaintiffs" or "Bank of America") request for a case management conference. Following the conference, Judge Hedges entered the Order, which contained the following language:

> Tare and any person acting on his behalf or at his direction ... are hereby prohibited from filing further papers with the United States District Court for the District of New Jersey, or submitting correspondence or other documents to the Court, without prior leave from the undersigned Magistrate Judge. The Clerk of Court shall not file or accept for filing any papers from Tare ... without prior authorization from the undersigned Magistrate Judge.

---

[3]This Opinion was filed January 3, 2006.

[4]Bank of America Corporation is the successor in interest to Fleet National Bank and FleetBoston Financial Corporation, the originally named Plaintiffs in this action.

2

(September 21 Order at 2). By subsequent Order dated March 3, 2006, Magistrate Judge Hedges modified the effect of the September 21 Order. Judge Hedges ordered that the prohibition on filings applied only to filings made in this specific civil action (05-1306 (JLL)), not additional cases pending in this Court or any other. Tare now appeals the September 21 Order and Andrescavage appeals Judge Hedges' denial of his motion for reconsideration of such order.

This Court's December 29, 2005 Order and January 2, 2006 Opinion (collectively, the "January 2 Decision") concerned Plaintiffs' application for an order partially withdrawing the reference from the bankruptcy court for Plaintiffs' pending motion for a citation of criminal contempt against Tare and Tare's motion for an order to show cause withdrawing the reference for his purported motion for criminal contempt. This Court granted Plaintiffs' application, partially withdrew the reference from the Bankruptcy Court, and denied Tare's application for an order to show cause. Tare now moves for reconsideration of the January 2 Decision of this Court and for leave to amend his original application to withdraw the reference.

## **LEGAL STANDARDS**

**A.     Appeal of a Magistrate Judge Decision**

A United States Magistrate Judge may hear and determine any [non-dispositive] pretrial matter pending before the court pursuant to 28 U.S.C. § 636(b)(1)(A). A District Court will only reverse a magistrate judge's decision on these matters if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). Therefore, "this Court will review a magistrate judge's findings of fact for clear error." Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery, 177 F.R.D. 205, 213 (D.N.J. 1997) (citing Lo Bosco v. Kure Eng'g Ltd., 891 F. Supp. 1035, 1037 (D.N.J. 1995)). Under this standard, a finding is clearly erroneous when "although

3

there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. Bessemer City, 470 U.S. 564, 573 (1985) (citing United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). The District Court will not reverse the magistrate judge's determination, even in circumstances where the court might have decided the matter differently. Bowen v. Parking Auth. of City of Camden, 2002 WL 1754493, *3 (D.N.J. Jul. 30, 2002). "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." Andrews v. Goodyear Tire & Rubber Co., Inc., 191 F.R.D. 59, 68 (D.N.J. 2000). A magistrate judge's legal conclusions, however, are subject to de novo review. Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3d Cir. 1992); Lo Bosco, 891 F. Supp. at 1037. "A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." Bobian v. CSA Czech Airlines, 222 F. Supp. 2d 598, 601 (D.N.J. 2002) (citing Gunter v. Ridgewood Energy Corp., 32 F. Supp. 2d 162, 164 (D.N.J. 1998)).

In non-dispositive matters, where the appeal seeks review of a matter within the exclusive authority of the Magistrate Judge, such as a discovery dispute, an even more deferential standard, the abuse of discretion standard, may be applied. Port Auth.v. Affiliated FM Ins. Co., 2001 U.S. Dist. LEXIS 7579, *5 (D.N.J. Mar. 29, 2001). A Magistrate Judge's decision in a discovery dispute "is subject to great deference and will only be reversed if found to be an abuse of discretion." Envtl. Tectonics v. W.S. Kilpatrick & Co., 659 F. Supp. 1381, 1399 (D.N.J. 1987) (citations omitted), mod., 847 F.2d 1052 (3d Cir. 1988), aff'd, 493 U.S. 400 (1990).

**B.     Motion for Reconsideration**

Motions for reconsideration are governed by Local Civil Rule 7.1(i). This Rule provides, in relevant part:

4

> A motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion.

L. Civ. R. 7.1(i). Prior to reaching the merits of a motion for reconsideration, the court must determine whether the arguments are appropriately raised under the Local Rule. Holten v. Chevron, U.S.A., 2002 U.S. Dist. LEXIS 10151, *4 (D.N.J. May 20, 2002). "The motion may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue." Id. (citing Student Pub. Interest Research Group of N.J. v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989)). Relief by way of motion for reargument is "an extraordinary remedy" that is to be granted "very sparingly." Yurecko v. Port Auth. Trans-Hudson Corp., 279 F. Supp. 2d 606, 608 (D.N.J. 2003); Sagaral v. Mountainside Hosp., 2001 U.S. Dist. LEXIS 6872, *3 (D.N.J. Mar. 27, 2001); NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996). Only in circumstances "where matters were overlooked and which, if considered by the Court, might reasonably have resulted in a different conclusion, will the Court entertain such a motion." Bowers v. N.C.A.A., 130 F. Supp. 2d 610, 613 (D.N.J. 2001).

The purpose of a motion for reargument is "to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 532 (D.N.J. 1998). The motion may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached. P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant

Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001); NL Indus., 935 F. Supp. at 516; 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d., § 2810.1 (1995). Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999), and should be dealt with through the normal appellate process, S.C. ex rel. C.C. v. Deptford Township Bd. of Educ., 248 F. Supp. 2d 368, 381 (D.N.J. 2003). With this legal framework in mind, the Court will now consider Tare's motion for reconsideration.

## **DISCUSSION**

### A.    **Magistrate Appeals**

The Order which is the subject of the present appeals was entered in response to an August 12, 2005 letter (the "August 12 Letter") from Plaintiffs requesting "instructions from the Court regarding the burdensome and improper filings made in this matter by respondent Ramkrishna S. Tare ("Tare") and certain associates of his; and [] to be relieved from responding further to the barrage of frivolous filings by Tare and his associates in this matter." (August 12 Letter at 1). Bank of America argued that "the submissions by Tare and his associates are in violation of the Court's own rules, and serve only to burden the Court, harass Movants, and interfere with the administration of justice." (August 12 Letter at 1). This letter was followed by a telephonic case management conference held on September 12, 2005. The Order that is the subject of the present appeal is dated September 21, 2005.

#### 1.    **Tare's Appeal**

Tare appeals the September 21 Order on the basis that it contained improper injunctive relief which was not properly sought by Bank of America and which Magistrate Judge Hedges did not have

the jurisdiction to impose. Tare argues that such relief goes beyond Judge Hedges' case management authority and that such an application, if properly made, should have been disposed of by the filing of a report and recommendations. Tare also asserts that Bank of America was estopped from seeking the injunctive relief requested because a similar application was made and denied by the United States Bankruptcy Court in related bankruptcy matters. Further, Tare argues that the injunctive relief violates his Constitutional rights guaranteeing access to the courts and his right to due process. Bank of America does not appear to oppose Tare's appeal.

Local Civil Rule 72.1(a)(3) outlines the general case management duties of Magistrate Judges. Rule 72.1(a)(3) permits a Magistrate Judge, inter alia, to conduct pretrial conferences and enter appropriate orders. Id. It is well settled that a United States Magistrate Judge may hear and determine any [non-dispositive] pretrial matter pending before the court pursuant to 28 U.S.C. § 636(b)(1)(A). The District Court will only reverse a magistrate judge's decision on these matters if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). However, Tare argues that a magistrate judge does not have the legal authority to enter injunctive relief upon informal application. Tare argues that Local Civil Rule 72.1(a)(2) provides that motions for injunctive relief should be treated as *dispositive* motions. When addressing a dispositive motion, a magistrate judge must submit a report and recommendations to the District Court for adoption. L. Civ. R. 72.1(a)(2). Here, Judge Hedges submitted only an Order and made no proposed findings of fact or recommendations to this Court.

After a review of the docket in this matter, the Court is unable to determine that Bank of America ever filed a motion for the type of injunctive relief ordered by Judge Hedges in the September 21 Order. The only indication in the record of such a request appears in the August 12

Letter to the Court from Bank of America. The Court also notes that the injunctive relief set forth by the September 21 Order undoubtedly implicates Tare's Constitutional rights, most noticeably, his access to the courts. By prohibiting Tare from filing papers with the Court or sending correspondence to the Court without prior leave from Judge Hedges, Tare's access to the courts appears to have been hindered. However, that is not to say that Bank of America's right to be free from harassment is of less importance to this Court.

The record does not indicate that Bank of America pursued injunctive relief in accordance with proper motion practice. Further, the Court is presently unable to review the basis for Judge Hedges' September 21 Order since it was based on a telephonic case management conference of which there is no transcript. In light of these factors, it does not appear to this Court that Judge Hedges handled Bank of America's request in accordance with the Local Civil Rules. Since the September 21 Order imposed clear restraints on Tare and other individuals which implicate their access to the courts, it seems that this matter should have been disposed of by report and recommendations, not by case management order alone. Judge Hedges' utilization of a case management order to impose injunctive relief appears to have been contrary to law and thus constitutes a proper basis to vacate the Order. Accordingly, this Court will GRANT Tare's appeal of the September 21 Order and will VACATE such Order [Docket # 36] of the Honorable Magistrate Judge Ronald J. Hedges.

    **2.**    **Andrescavage's Appeal**

Andrescavage appeals Judge Hedges' November 28, 2005 Order denying his motion for reconsideration of the September 21 Order. As a preliminary matter, the Court notes that Andrescavage's notice of appeal does not conform to the filing requirements of the Local Civil

Rules. Andrescavage's submission to the Court, in the form of a one-page notice of appeal directed to Magistrate Judge Hedges, does not conform to the filing requirements of Local Civil Rules 7.1 and 72.1(c). Accordingly, the Court would normally deny Andrescavage's appeal without prejudice to be re-filed in conformance with the Local Civil Rules. However, since this Court supra vacated the case management order which forms the basis of the present appeal, this Court determines that Andrescavage's appeal is hereby DISMISSED as moot.

**B.    Reconsideration of the January 2 Decision**

Tare presently asks this Court to reconsider its January 2 Decision.[5] Tare asks the Court to reconsider its denial of his application for an order to show cause citing several parties for criminal contempt and seeking a withdrawal of the reference from the Bankruptcy Court for this purpose. In denying Tare's application for an order to show cause, the Court determined that Tare had not followed applicable Local Bankruptcy Rule 5011-1, which requires any motion for a withdrawal of the reference to first be filed in the bankruptcy court. (January 2 Op. at 6-7). In his motion for reconsideration, Tare asserts that: 1) such a motion for withdrawal *was* first filed in the bankruptcy court but was not docketed and 2) if no such motion was filed, his pro se status nevertheless excuses this shortcoming.

It is clear from the substance of Tare's motion that he seeks to re-litigate that which was

---

[5]Plaintiffs object to the Court's consideration of Tare's reconsideration motion and accompanying overlength brief. The Court notes that Local Civil Rule 7.2(b) and (d) sets forth font size-relative page limits and that Tare's brief appears to violate these limits. However, in light of this matter's unique procedural position, the Court will not strike Tare's motion and brief and will instead consider these submissions. However, this exception is not to be construed as a global exception to the Local Civil Rules. The Court advises Tare to consult the Local Civil Rules in conjunction with any further submission and advises that any future overlength submission to this Court will be stricken without exception.

9

already decided by the Bankruptcy Court in both the Chapter 11 and Adversary Proceeding. Tare now alleges that his motion for criminal contempt is a reason to withdraw the reference. However, this Court is unable to determine that such a motion was ever properly made. Further, the Court notes that the allegations which comprise the alleged contempt action appear to have been extensively litigated in the related bankruptcy matters and appear to concern persons who are not named parties to this action nor any bankruptcy action. Tare's allegations amount to an appeal of various decisions made by the Bankruptcy Court and in fact, Tare has already filed related appeals in the District Court. However, Tare now insists that this Court has a duty to withdraw the reference from the entire WebSci bankruptcy and thus seeks to amend his original request. In support, Tare alleges that the Bankruptcy Court is without the jurisdiction to handle the criminal contempt proceedings which Tare initiated since the proceedings would involve "violation of Title 18 statutes and rights to Jury Trial." (Def. Recons. Reply Br. at 2). Bank of America opposes Tare's motion for reconsideration.[6] Bank of America argues that Tare never filed his own contempt motion in the Bankruptcy Court nor filed a motion for withdrawal of the reference and thus his motion seeks to re-litigate issues already considered and decided by this Court.

After a thorough review of the record in this matter, including the extensive dockets of both

---

[6]In his reply brief, Tare urges the Court not to consider Bank of America's opposition as untimely under Local Civil Rule 7.1(h). Tare's motion was received by the Clerk's Office on January 12, 2006, but was not docketed until January 13, 2006. Bank of America thus had ten days from January 13 to file opposition. Since January 13 was a Friday, the first day for the purposes of Federal Rule of Civil Procedure 6(a) would have been Monday, January 16, 2006. However, January 16 was a Court holiday and thus January 17 marked the first day of the ten day time period. Excluding weekends and holidays, pursuant to Fed. R. Civ. P. 6(a), Bank of America's opposition was thus due January 30, 2006, the day that it was filed. Accordingly, Bank of America's opposition was timely filed under Local Civil Rule 7.1(h) and such opposition will thus be considered by this Court.

10

the Chapter 11 case and related adversary proceeding, this Court can find no indication that Tare ever properly filed a motion for criminal contempt or a motion to withdraw the reference in either bankruptcy case. Tare argues that he "did file the instant motion with the Bankruptcy Court, first as part of the main case and then within the Adversary Complaint" and that the Bankruptcy Court failed to docket the motion. (Def. Recons. Br. at 3). In support, Tare relies upon a letter written to the Bankruptcy Court. The referenced document, a letter dated March 25, 2005 ("March 25 Letter") and entered as Docket Entry # 74 in the Adversary Proceeding,[7] purportedly re-requests the Bankruptcy Court to docket Tare's response to a February 28, 2005 letter from counsel for Bank of America. The March 25 Letter also states that Tare is "providing a CD with PDF files of my response filed to the different motions of Fleet/Bank of America" and that "[t]hese pleadings were filed in the District Court." (March 25, 2005 Letter at 1). However, this Court has reviewed the submission attached to the March 25 Letter and determines that it does not constitute a motion for contempt nor a motion to withdraw the reference. The letter which Tare points to as evidence of such a filing does not meet his burden on reconsideration. Rather, the attached submission merely states that "Tare Wants to File a Cross-Motion" in response to Bank of America's contempt motion. (See Response, Docket #73 at 1). Although Tare argues that the Bankruptcy Court is without the *jurisdiction* to hear Bank of America's contempt motion, and that Tare "*will* be filing a motion and/or cross motion to seek criminal contempt," this certainly does not appear to constitute a proper motion for contempt nor constitute a formal motion to withdraw the reference.[8] (Id.) (emphasis added). Tare may not

---

[7]Adv. No.: 02-3794 (RG).

[8]In the Chapter 11 case, Case No. 02-38258 (RG), it appears that Tare filed a motion citing several parties for criminal contempt (Docket Entry # 219), which was later withdrawn (Docket Entry # 221). The Court could find no other pending motion for criminal contempt on

characterize his suggestion to the Bankruptcy Court that it transfer the case to the District Court merely because he is contemplating a motion, as a motion to withdraw the reference, pro se status notwithstanding.

Bank of America characterizes Tare's motion as challenging this Court's denial of "his application to withdraw the bankruptcy reference of his 'cross-motion' seeking to hold plaintiffs and nonparties in contempt of court." (Pl. Recons. Opp. Br. at 1). This Court reiterates that the purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." Harsco, 779 F.2d at 909; Tischio, 16 F. Supp. 2d at 532. A motion for reconsideration may not be used to re-litigate old matters or argue new matters. P. Schoenfeld Asset Mgmt., 161 F.Supp. 2d at 352. The burden is on the moving party to demonstrate a basis for reconsideration. Here, Tare bases his motion on his contention that this Court overlooked his prior filing with the Bankruptcy Court of a motion for contempt and a motion for withdrawal of the reference. However, as discussed supra, this Court determines that the submission upon which Tare relies does not constitute such a filing. Thus, this Court's decision to deny Tare's "cross-motion" was proper since he failed to first file his motion in the Bankruptcy Court in accordance with the Local Rules. This Court has construed all of Tare's pleadings liberally, as is required for a pro se Plaintiff, but nevertheless determines that Tare has failed to point out errors or overlooked matters which entitle him to reconsideration. Accordingly, Tare's motion for reconsideration is DENIED.

**C.     Motion to Amend Application for Withdrawal of the Reference**

Tare also makes a motion for leave to amend his application to withdraw the reference to one which requests the withdrawal of the *entire* WebSci bankruptcy, not just for his own purported

---

the docket of either the Chapter 11 case or the adversary case.

motion for criminal contempt.[9] Bank of America urges this Court to deny Tare's motion to amend his application to withdraw the reference to include the *entire* WebSci bankruptcy because an initial motion was never made and because the WebSci bankruptcy is almost entirely complete.

As this Court discussed in its January 2 Decision and supra, Tare has not properly moved to withdraw the reference for such a purpose in accordance with the Local Rules. Further, this request does not appear appropriate for a "cross-motion." Since Tare's cross-motion was filed incorrectly in the first place, and his present motion does not seek to correct the original motion, but rather to expand his request to withdraw the reference to include the entire bankruptcy, his motion for leave to amend his "cross-motion" is DENIED.

**D.     Withdrawal of the Reference of the Bankruptcy Case**

Although not raised by either party, this Court will now exercise its discretion pursuant to 28 U.S.C. § 157(a) and will sua sponte refer Bank of America's contempt motion back to the Bankruptcy Court.

28 U.S.C § 157(a) provides that "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." Id. In this Court's January 2 Decision, the Court granted Bank of America's motion and partially withdrew the reference for the above-captioned matter from the Bankruptcy Court in order to address Bank of America's motion for criminal contempt. After consideration of the injunctive relief imposed by the Bankruptcy Court, and evidence presented by Bank of America concerning Tare's

---

[9]This motion was originally brought to this Court's attention by way of Tare's "cross-motion" discussed in the January 2 Decision.

communications with Plaintiffs, this Court determined that a criminal sentence of more than six (6) months was applicable if the allegations were proven. (January 2 Op. at 5). This Court thus withdrew the reference of the motion for criminal contempt because a bankruptcy court does not have jurisdiction over a jury trial for criminal contempt. (January 2 Op. at 5).

However, after further review of the bankruptcy record in both Tare's Chapter 11 case and Bank of America's adversary case, and the language contained in the Adversary Injunction and Plan Injunction, this Court has reached the conclusion that a criminal contempt trial is likely unnecessary. Bank of America's contempt action turns on whether the language in the Plan Injunction issued at the conclusion of the Chapter 11 case "trumps" the relief issued in the Adversary Injunction. If the Plan Injunction supercedes the relief contained in the Adversary Injunction, Tare's liability for contempt will turn on a court's interpretation of the language contained in the Plan Injunction alone.[10] Since the Bankruptcy Court is the Court which issued all relevant injunctive language, and is thus most familiar with the intent of the injunctive relief, this Court determines that it is best to refer this matter back to the Bankruptcy Court. If, after further review, the Bankruptcy Court determines that a jury trial in this matter is necessary, than the parties may request to withdraw the reference.

---

[10] As noted in this Court's January 2 Decision, the language contained in the Adversary Injunction specifically enjoined Tare from communicating with FleetBoston Financial Corporation ("FBFC") and Fleet National Bank and their *successors*, which would include Bank of America. However, the injunctive relief provided for in the Plan Injunction is directed towards contact with "FBFC" and does not specifically mention FBFC's successors in interest. Although "FBFC" is defined later in the Order, the definition does not mention successors in interest. Tare argues that this is a material distinction which allowed him to commence communicating with Bank of America once it took over FBFC since the Plan Injunction controlled over the Adversary Injunction. Thus, it is clear that disposition of the criminal contempt proceeding hinges upon whether the Plan Injunction is supreme to the Adversary Injunction. The District Court is not in the best position to make this determination.

## CONCLUSION

For the reasons set forth above, Defendant Tare's appeal of Magistrate Judge Hedges' September 21 Order is GRANTED and the September 21 Order is VACATED, Andrescavage's appeal of Judge Hedges' November 28, 2005 Order is DISMISSED as moot, Tare's motion for reconsideration is DENIED, Tare's motion for leave to amend is DENIED, and this matter is REFERRED back to the Bankruptcy Court. An appropriate order follows.


**DATED:** May 3, 2006                                             /s/ Jose L. Linares
                                                                                United States District Judge